# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

March 27, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIRE CENTERS, INC.,**
**Employer Below, Petitioner**

**vs.)   No. 11-0958**  (BOR Appeal No. 2045296)
(Claim No. 2010103209)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**EARL AKERS,**
**Claimant Below, Respondent**


## MEMORANDUM DECISION

Petitioner Tire Centers, Inc., by Melissa Robinson, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated June 10, 2011, in which the Board affirmed a November 5, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's September 14, 2009, decision and held the claim compensable for cervical strain, thoracic strain, lumbar strain, and meniscus tear of the left knee. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

Mr. Akers was injured on August 14, 2009, when he was involved in a vehicle accident while working for Tire Centers, Inc. According to statements by Tire Centers, Inc. drug tests administered after the accident were positive. The claims administrator on September 14, 2009, denied Mr. Akers's claim for workers' compensation benefits because the drug screening came back positive for non-prescribed medications.

The Office of Judges reversed the claims administrator's Order, and held that the record established that the claim should be held compensable for cervical strain, thoracic strain, lumbar strain, and meniscus tear of the left knee. On appeal, Tire Centers disputes this finding and argues that under West Virginia Code § 23-4-2(a) (2005), Mr. Akers is not entitled to receive workers' compensation benefits because his injury was caused by his own intoxication.

The Office of Judges stated specifically, "[t]he inference of the record is that a drug test was found positive for Oxycodone and Benzodiazepines. However, no drug test results were made part of the record." Under Rule 6(b) of the Rules of Appellate Procedure, "[a]nything not filed with the lower tribunal shall not be included in the record on appeal unless the Court grants a motion for leave to supplement the record on appeal for good cause shown." The Office of Judges noted that the evidence is clear that Mr. Akers did sustain a work related injury on August 14, 2009, due to a motor vehicle accident, and due to that injury he suffered the aforesaid compensable conditions. Again, no drug test results were made a part of the record to the Office of Judges. It concluded that the record and facts demonstrate that Mr. Akers's claim for workers' compensation benefits should be compensable. The Board of Review reached the same reasoned conclusions in its decision of June 10, 2011.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 27, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II